IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02764-BNB

JAMES FAIRCLOTH,

    Plaintiff,

v.

CELIA SCHWARTZ,
WARDEN J. DAVIS,
MAJOR D. COTTEN,
CAPT. R. FISHER,
LT. A. HYSJULIEN, and
OTHER KNOWN AND UNKNOWN C.D.O.C. EMPLOYEE(S),

    Defendants.

---

ORDER DENYING MOTIONS FOR INJUNCTIVE RELIEF

---

Plaintiff, James Faircloth, is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Buena Vista Correctional Facility in Buena Vista, Colorado. Mr. Faircloth has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights have been violated. Mr. Faircloth also has filed two documents seeking preliminary injunctive relief, a motion for protective order (ECF No. 4) and a "Petition for Emergency Transfer Due to Imminent Danger to Petitioner by the Defendants" (ECF No. 25).

The Court must construe the motions for injunctive relief liberally because Mr. Faircloth is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For

the reasons stated below, the motions for injunctive relief will be denied.

Mr. Faircloth alleges in the motion for protective order that prison officials have retaliated against him and threatened to lose or destroy his legal property. (*See* ECF No. 4.) As relief he seeks a court order that protects prison staff members who may feel the need to speak out about actions at the prisons in which Mr. Faircloth is housed, a court order that his legal property remain in his possession if he is transferred to another facility, and a transfer to another minimum security facility. (*See id.*)

Mr. Faircloth alleges in the petition for emergency transfer that he fears for his safety because of ongoing retaliation, that prison officials will not respond to his grievances, that he cannot access the prison law library, that he is forced to handwrite his legal filings, and that he is disabled and suffers unspecified injuries to his disabilities because of ongoing harassment and discrimination. (*See* ECF No. 25.) As relief Mr. Faircloth requests to be transferred to another facility. (*See id.*)

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980).

A preliminary injunction is an extraordinary remedy and "the primary goal of a preliminary injunction is to preserve the pre-trial status quo." *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009). Therefore, "courts should be especially cautious when granting an injunction that requires the nonmoving party to take affirmative action - a mandatory preliminary injunction - before a trial on the merits

occurs." *Id.* Because Mr. Faircloth is seeking a mandatory preliminary injunction that seeks to alter the status quo, he must make a heightened showing of the four factors listed above. *See id.* at 1209.

Mr. Faircloth fails to make the necessary showing with respect to these four factors and, in particular, his speculative allegations of imminent harm do not demonstrate that he will suffer irreparable injury if no preliminary injunction is issued. Therefore, the motions for injunctive relief will be denied. Accordingly, it is

ORDERED that the motion for protective order (ECF No. 4) and the "Petition for Emergency Transfer Due to Imminent Danger to Petitioner by the Defendants" (ECF No. 25) are denied.

DATED at Denver, Colorado, this  10th  day of   December  , 2012.

BY THE COURT:


   s/Lewis T. Babcock
   LEWIS T. BABCOCK, Senior Judge
   United States District Court