IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02764-BNB

JAMES FAIRCLOTH,

    Plaintiff,

v.

CELIA SCHWARTZ,
WARDEN J. DAVIS,
MAJOR D. COTTEN,
CAPT. R. FISHER,
LT. A. HYSJULIEN, and
OTHER KNOWN AND UNKNOWN C.D.O.C. EMPLOYEE(S),

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, James Faircloth, is a prisoner in the custody of the Colorado Department of Corrections at the Buena Vista Correctional Facility in Buena Vista, Colorado. Mr. Faircloth has filed *pro se* a Prisoner Complaint (ECF No. 24) pursuant to 42 U.S.C. § 1983 claiming that his rights under the United States Constitution have been violated. Mr. Faircloth also has filed a number of motions, letters, and other documents in this action, including at least four requests to supplement or amend the Prisoner Complaint. He has not submitted an amended Prisoner Complaint that includes any of the supplements or amendments he seeks to make.

    The court must construe the Prisoner Complaint and other papers filed by Mr. Faircloth liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Faircloth will be ordered to file an amended complaint.

Mr. Faircloth's Prisoner Complaint includes three claims for relief against five named and an unknown number of unnamed Defendants. The Prisoner Complaint was filed on November 21, 2012. Also on November 21, 2012, Mr. Faircloth filed a "Motion for Supplement Filings of Exhibits for 42 U.S.C. 1983 Complaint" (ECF No. 16) that includes five exhibits Mr. Faircloth wants to submit with the Prisoner Complaint but, for unexplained reasons, were not attached to the Prisoner Complaint.

On December 5, 2012, Mr. Faircloth filed three more documents seeking to amend the Prisoner Complaint. One of these requests to amend is included in a letter to the court (ECF No. 26) in which Mr. Faircloth seeks to amend the Prisoner Complaint by adding three additional Defendants. In a "Motion to Join Tom Clements: Executive Director of C.D.O.C. as a Defendant in Civil Action No. 12-cv-02764-BNB" (ECF No. 28), Mr. Faircloth seeks to add DOC Executive Director Tom Clements as a Defendant and he includes in the motion a new claim asserted against Mr. Clements that is designated as claim number four. In another letter to the court (ECF No. 27), Mr. Faircloth asks the court to make copies of a number of filings and, attached to the letter are a number of pages that include a new claim for relief designated as claim number five that Mr. Faircloth apparently intends to pursue in this action.

Mr. Faircloth may not amend the Prisoner Complaint in piecemeal fashion, and he must submit to the court a copy of a proposed amended complaint when he seeks to file an amended pleading. The pending requests and motions to supplement and

amend will be denied.  Mr. Faircloth will be directed to file an amended pleading that includes all of the claims he wishes to pursue and that names as Defendants all of the individuals he is asserting those claims against.  If Mr. Faircloth does not file an amended complaint, the Court will proceed to review only the claims asserted in the Prisoner Complaint filed on November 21, 2012.

In addition, for each claim he asserts, Mr. Faircloth "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Personal participation is an essential allegation in a § 1983 action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Mr. Faircloth must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  Supervisory officials, such as DOC Executive Director Tom Clements, may not be held liable for the unconstitutional conduct of their subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Furthermore, when a plaintiff sues an official under *Bivens* or § 1983 for

> conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.

Finally, with respect to future filings in this action, Mr. Faircloth may not include requests for court orders in letters to the court because any request for a court order must comply with Rule 7 of the Federal Rules of Civil Procedure. Pursuant to Rule 7(b)(1), "[a] request for a court order must be made by motion." Furthermore, "[t]he rules governing captions and other matters of form in pleadings apply to motions and other papers." Fed. R. Civ. P. 7(b)(2). The court will not consider any requests for court orders Mr. Faircloth may make in the future that do not comply with Rule 7. The court also will not make copies of filings for Mr. Faircloth. Any requests for copies should be submitted to the clerk of the court with the necessary payment for such copies. Accordingly, it is

ORDERED that Mr. Faircloth file, **within thirty (30) days from the date of this order**, an amended complaint as directed in this order. It is

FURTHER ORDERED that Mr. Faircloth shall obtain the court-approved Prisoner

Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Faircloth fails to file an amended complaint that complies with this order within the time allowed, the court will proceed to review the Prisoner Complaint filed on November 21, 2012.  It is

FURTHER ORDERED that the "Motion for Supplement Filings of Exhibits for 42 U.S.C. 1983 Complaint" (ECF No. 16) and the "Motion to Join Tom Clements: Executive Director of C.D.O.C. as a Defendant in Civil Action No. 12-cv-02764-BNB" (ECF No. 28) are DENIED without prejudice.  It is

FURTHER ORDERED that the motion for service (ECF No. 29) is DENIED as premature.

DATED December 10, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge