IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02764-BNB

JAMES FAIRCLOTH,

    Plaintiff,

v.

CELIA SCHWARTZ,
WARDEN J. DAVIS,
MAJOR D. COTTEN,
CAPT. R. FISHER,
LT. A. HYSJULIEN, and
OTHER KNOWN AND UNKNOWN C.D.O.C. EMPLOYEE(S),

    Defendants.

## ORDER DENYING AMENDED MOTION FOR INJUNCTIVE RELIEF

This matter is before the Court on the "Amended Motion and Re-Petition for T.R.O./Preliminary Injunction and Protection Order for Witnesses" (ECF No. 39) filed *pro se* by Plaintiff, James Faircloth, on December 17, 2012. The preliminary injunctive relief Mr. Faircloth seeks is a transfer to another prison facility and a protective order that prevents retaliation by staff and other inmates who have witnessed violations of his constitutional rights.

The Court must construe the amended motion seeking a preliminary injunction liberally because Mr. Faircloth is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the amended motion will be denied.

Mr. Faircloth is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Buena Vista Correctional Facility in Buena Vista, Colorado. The operative pleading in this action is a Prisoner Complaint pursuant to 42 U.S.C. § 1983 filed by Mr. Faircloth in which he alleges that his constitutional rights have been violated. On December 10, 2012, the Court entered an order denying two motions filed by Mr. Faircloth seeking preliminary injunctive relief because Mr. Faircloth failed to make the necessary showing to justify a preliminary injunctive and, in particular, he failed to demonstrate he would suffer irreparable injury if no preliminary injunction was issued.

In the amended motion, Mr. Faircloth alleges that he has suffered the following irreparable injuries: (1) he was harassed by a prison official on November 17 and 24, 2012; (2) he was subjected to two "pat-down searches of a nature that alarmed him, due to the hand knifing to the genital area" (ECF No. 39 at 2) between November 3 and November 17, 2012; (3) the prison law librarian prevented him from filing an affidavit in a pending case in Colorado state court in a timely manner on November 28, 2012; (4) he was removed from the general prison population in a discriminatory manner on November 30, 2012; and (5) he was convicted of the prison disciplinary offenses of advocating a facility disruption and disobeying a lawful order without adequate due process on December 11, 2012.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits; that he will suffer irreparable injury unless the injunction issues; that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; and that the injunction, if issued, would not be adverse to the

public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). "Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003).

"[T]he primary goal of a preliminary injunction is to preserve the pre-trial status quo." *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009). Therefore, "courts should be especially cautious when granting an injunction that requires the nonmoving party to take affirmative action - a mandatory preliminary injunction - before a trial on the merits occurs." *Id.* Because Mr. Faircloth is seeking a mandatory preliminary injunction that seeks to alter the status quo, he must make a heightened showing of the four factors listed above. *See id.* at 1209.

"[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004). Thus, Mr. Faircloth "must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Id.*

To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted). Therefore, Mr. Faircloth "must establish both that harm will occur, and that, when it does, such harm will be irreparable." *Vega v. Wiley*, 259 F. App'x 104, 106 (10th Cir. 2007). Furthermore, a party seeking preliminary injunctive relief "must show that the injury complained of is of such *imminence* that there is a clear and present need for equitable relief to prevent irreparable harm." *Heideman*,

348 F.3d at 1189.  A preliminary injunction is only appropriate "to prevent existing or presently threatening injuries.  One will not be granted against something merely feared as liable to occur at some indefinite time in the future."  *Connecticut v. Massachusetts*, 282 U.S. 660, 674 (1931).

Mr. Faircloth fails to demonstrate, clearly and unequivocally, that he is entitled to preliminary injunctive relief.  In particular, Mr. Faircloth's vague and conclusory allegations in the amended motion regarding harassment and other past events do not demonstrate he will suffer future injury that is irreparable if no preliminary injunction is issued.  Therefore, the amended motion will be denied.  Accordingly, it is

ORDERED that the "Amended Motion and Re-Petition for T.R.O./Preliminary Injunction and Protection Order for Witnesses" (ECF No. 39) is denied.

DATED at Denver, Colorado, this  28th  day of   December        , 2012.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court