IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02764-BNB

JAMES FAIRCLOTH,

    Plaintiff,

v.

CELIA SCHWARTZ,
WARDEN J. DAVIS,
MAJOR D. COTTEN,
CAPTAIN R. FISHER,
LT. A. HYSJULIEN, and
OTHER KNOWN AND UNKNOWN C.D.O.C. EMPLOYEES,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

    Plaintiff, James Faircloth, is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Buena Vista Correctional Facility in Buena Vista, Colorado. Mr. Faircloth initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1) claiming that his rights have been violated. Mr. Faircloth subsequently filed at least four requests to supplement or amend the Prisoner Complaint, but he did not submit an amended Prisoner Complaint that included any of the supplements or amendments he sought to make. On December 10, 2012, the court ordered Mr. Faircloth to file an amended complaint that includes all of the claims he wishes to pursue in this action and that names as Defendants all of the individuals he is asserting claims against. The court also advised Mr. Faircloth that, for each claim he asserts, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action

harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  On January 2, 2013, Mr. Faircloth filed an amended Prisoner Complaint (ECF No. 42).

The court must construe the amended Prisoner Complaint liberally because Mr. Faircloth is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Faircloth will be ordered to file a second amended complaint if he wishes to pursue his claims in this action.

The court has reviewed the amended Prisoner Complaint and finds that the amended Prisoner Complaint is deficient.  For one thing, the amended Prisoner Complaint violates Rule 10(a) of the Federal Rules of Civil Procedure, which provides that "[t]he title of the complaint must name all the parties."  Rather than listing all of the Defendants in the caption of the amended Prisoner Complaint, Mr. Faircloth includes within the amended Prisoner Complaint a list of additional individuals he apparently intends to sue in this action.  (*See* ECF No. 42 at 3.)  In order to make clear who is being sued in this action, Mr. Faircloth will be directed to file a second amended complaint that includes the names of all of the Defendants in the caption.  Mr. Faircloth also must provide a complete address for each named Defendant so that they may be served properly.

The court also finds that the amended Prisoner Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin

purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Faircloth fails to provide a short and plain statement of his claims showing that he is entitled to relief because he fails to identify which Defendant or Defendants he is suing with respect to each asserted claim; fails to allege clearly and concisely what each Defendant did that allegedly violated his rights; and fails to identify the specific factual allegations that support each asserted claim.  For example, Mr. Faircloth references a number of distinct constitutional theories within his first claim for relief, including due process, retaliation, and access to the courts, without providing a clear statement of the facts that support each distinct claim.  In short, it is not clear what specific acts Mr. Faircloth is alleging were unconstitutional retaliation, how his

constitutional right of access to the courts was violated, or how he was denied due process. It also is not clear which Defendant or Defendants each distinct claim is being asserted against. With respect to the retaliation claim, it is not enough for Mr. Faircloth to allege that Defendants retaliated against him without providing specific allegations that the "alleged retaliatory motives were the 'but for' cause of the defendants' actions." *Peterson*, 149 F.3d at 1144; *see also Frazier v. Dubois*, 922 F.2d 560, 562 n.1 (10th Cir. 1991) ("Mere allegations of constitutional retaliation will not suffice; plaintiffs must rather allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights."). With respect to the access to the courts claim, Mr. Faircloth must identify some actual injury with respect to his efforts to litigate his court cases. *See Lewis v. Casey*, 518 U.S. 343, 349-55 (1996). With respect to the due process claim, which apparently relates to a prison disciplinary hearing, Mr. Faircloth must clarify how he was denied a constitutionally protected liberty interest without adequate due process. *See Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974) (discussing requirements for prison disciplinary proceedings that implicate a constitutionally protected liberty interest).

     Mr. Faircloth's other claims in the amended Prisoner Complaint similarly lack a clear and concise statement of the specific legal claim being asserted, the specific facts that support the legal claim being asserted, and the specific Defendant or Defendants each claim is being asserted against. Mr. Faircloth also includes within each claim for relief unnecessary and inappropriate legal argument. "It is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *New Home Appliance Ctr., Inc., v. Thompson*, 250

F.2d 881, 883 (10th Cir. 1957).

For these reasons, Mr. Faircloth will be ordered to file a second amended complaint. The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Therefore, for each claim he asserts in the amended complaint, Mr. Faircloth "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). However, Mr. Faircloth should not include legal argument in the second amended complaint he is being ordered to file.

The court also emphasizes that personal participation is an essential allegation in a § 1983 action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Faircloth must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). Supervisory officials may not be held liable for the unconstitutional conduct of their subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and

> eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677).  Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation."  *Id.* at 1199.  Accordingly, it is

ORDERED that Mr. Faircloth file, **within thirty (30) days from the date of this order**, a second amended complaint as directed in this order.  It is

FURTHER ORDERED that Mr. Faircloth shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Faircloth fails to file a second amended complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED January 17, 2013, at Denver, Colorado.

                                      BY THE COURT:

                                      s/ Boyd N. Boland
                                      United States Magistrate Judge