IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02764-BNB

JAMES FAIRCLOTH,

Plaintiff,

v.

CELIA SCHWARTZ, Legal Assistant for BVCF, Individual and Official Capacities,
JOHN DAVIS, Warden for BVCF, Individual and Official Capacities,
DAVID COTTEN, Major/Administrative Head for BVCF, Individual and Official
        Capacities,
R. FISHER, Captain/Shift Commander for BVCF, Individual and Official Capacities,
A. HYSJULIEN, Lieutenant/Shift Supervisor for BVMC, Individual and Official
        Capacities,
MR. ANDERSON, Captain/Shift Leader for BVMC, Individual and Official Capacities,
MR. TANCIK, Correctional Officer for BVMC, Individual and Official Capacities,
MR. SHIELDS, Lieutenant/Shift Supervisor for BVMC, Individual and Official Capacities,
MR. GERRY BLAND, Hearings Officer for BVMC/BVCF, Individual and Official
        Capacities,
TOM CLEMENTS, Executive Director of Colorado Department of Corrections, Individual
        and Official Capacities, and
MRS. MURRAY, Food Service Sergeant BVMC/BVCF, Individual and Official
        Capacities,

Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

I.  PROCEDURAL BACKGROUND

Plaintiff, James Faircloth, is a prisoner in the custody of the Colorado Department

of Corrections (DOC) at the Crowley County Correctional Facility in Olney Springs,

Colorado.  Mr. Faircloth initiated this action by filing *pro se* a letter to the Court outlining

certain constitutional claims he wished to pursue regarding his incarceration at a prison

facility in Buena Vista, Colorado.  He filed his original Prisoner Complaint (ECF No. 24) on November 21, 2012.  Mr. Faircloth also filed at least four requests to supplement or amend the Prisoner Complaint but he did not submit an amended pleading with any of these requests.  On December 10, 2012, Magistrate Judge Boyd N. Boland ordered Mr. Faircloth to file an amended complaint that includes all of the claims he wishes to pursue in this action and that names as Defendants all of the individuals he is asserting those claims against.  Magistrate Judge Boland also advised Mr. Faircloth that, for each claim he asserts, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  On January 2, 2013, Mr. Faircloth filed an amended Prisoner Complaint (ECF No. 42).

On January 17, 2013, Magistrate Judge Boland ordered Mr. Faircloth to file a second amended complaint that includes the names of all Defendants in the caption and that includes a short and plain statement of his claims showing that he is entitled to relief as required pursuant to Rule 8 of the Federal Rules of Civil Procedure.  Magistrate Judge Boland specifically noted that Mr. Faircloth failed to identify who he was suing with respect to each asserted claim, failed to allege clearly and concisely what each Defendant did that allegedly violated his rights, and failed to identify the specific factual allegations that supported each asserted claim.  On March 5, 2013, Mr. Faircloth filed a second amended Prisoner Complaint (ECF No. 54), and on March 8, 2013, he filed a revised version of the second amended Prisoner Complaint (ECF No. 57).  The Court will address Mr. Faircloth's claims as they are set forth in the revised second amended

Prisoner Complaint (ECF No. 57).

## II.  LEGAL STANDARDS

The Court must construe the revised second amended Prisoner Complaint

liberally because Mr. Faircloth is not represented by an attorney.  *See Haines v. Kerner*,

404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If

the revised second amended Prisoner Complaint reasonably can be read "to state a

valid claim on which the plaintiff could prevail, [the Court] should do so despite the

plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his

poor syntax and sentence construction, or his unfamiliarity with pleading requirements."

*Hall*, 935 F.2d at 1110.  However, the Court should not be an advocate for a *pro se*

litigant.  *See id.*

Pursuant to 28 U.S.C. § 1915A, the Court must review Mr. Faircloth's claims in

the revised second amended Prisoner Complaint because he is a prisoner and he is

seeking redress from officers or employees of a governmental entity.  Pursuant to §

1915A(b)(1), the Court is required to dismiss the revised second amended Prisoner

Complaint, or any portion of the revised second amended Prisoner Complaint, that is

frivolous.  A legally frivolous claim is one in which the plaintiff asserts the violation of a

legal interest that clearly does not exist or asserts facts that do not support an arguable

claim.  *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  For the reasons stated

below, the Court will dismiss the revised second amended Prisoner Complaint in part as

legally frivolous.

## III.  FACTUAL BACKGROUND

Mr. Faircloth's claims in this action stem primarily from a series of incidents in the

prison law library beginning on October 10, 2012.  Mr. Faircloth alleges that he was removed from the law library on that date after a dispute with the law librarian, Defendant Celia Schwartz, which resulted in Mr. Faircloth being charged with the prison disciplinary offense of making threats.  Mr. Faircloth further alleges that he was removed from the general population and placed in segregation as a result of the disciplinary charge and that he remained in segregation until October 23, 2012, when he was found not guilty following a disciplinary hearing.

Mr. Faircloth contends that on November 16, 2012, Defendant Schwartz denied him access to a computer in the law library.  Mr. Faircloth maintains that he needed access to the computer to prepare papers in support of a motion for a temporary restraining order to be filed in the instant action.  The Court notes that Mr. Faircloth has filed three motions in this action seeking preliminary injunctive relief that were denied in orders entered on December 10 and 28, 2012.  (*See* ECF Nos. 31 & 41.)

Another incident in the prison law library occurred on November 28, 2012, when Mr. Faircloth contends he was denied certain computer-generated documents he needed to file in two cases in the Colorado Court of Appeals in order to meet a deadline on November 29, 2012.  According to Mr. Faircloth, he returned to the law library on November 30, 2012, to prepare a document explaining his inability to meet that deadline when he again was removed from the law library, placed in segregation, and charged with the prison disciplinary offenses of disobeying a lawful order and advocating a facility disruption.  Mr. Faircloth asserts that he was found guilty of these charges following a disciplinary hearing on December 11, 2012, and that he remained in segregation until January 7, 2013.

IV.  ANALYSIS

Mr. Faircloth asserts a total of twenty-three claims for relief in the revised second amended Prisoner Complaint against eleven defendants.

Claim One

Mr. Faircloth first claims that Defendant Schwartz retaliated against him for filing or threatening to file grievances in violation of his First Amendment rights when she filed false disciplinary reports against him on October 10 and November 30, 2012.  The Court will not address the merits of claim one at this time.

Claim Two

Mr. Faircloth contends in claim two that Defendant Schwartz subjected him to cruel and unusual punishment in violation of the Eighth Amendment by ordering that he be placed in solitary confinement on October 10 and November 30, 2012, when the disciplinary charges were filed against him.  This claim lacks merit.

"The Eighth Amendment's prohibition of cruel and unusual punishment imposes a duty on prison officials to provide humane conditions of confinement, including adequate food, clothing, shelter, sanitation, medical care, and reasonable safety from bodily harm."  *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008).  In order to assert a cognizable claim under the Eighth Amendment, Mr. Faircloth must allege that prison officials were deliberately indifferent to a substantial risk of serious harm.  *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  Stated another way, Mr. Faircloth must demonstrate both that the injury he suffered was sufficiently serious and that prison officials acted with deliberate indifference.  *See Tafoya*, 516 F.3d at 916.

Mr. Faircloth alleges in support of claim two only that he was not allowed "to

participate in facility programs or other protected liberty interests to socialize and/or even practice his religion of Native American Indian offered in or out of solitary confinement." (ECF No. 57-1 at 2.)  This allegation is not sufficient to demonstrate Mr. Faircloth was subjected to cruel and unusual punishment when he was placed in solitary confinement because "extreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).  The Eighth Amendment is not violated unless the conditions deprive a prisoner of "'the minimal civilized measure of life's necessities.'" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).  Mr. Faircloth does not allege he was deprived of the minimal civilized measure of life's necessities when he was placed in solitary confinement, such as "food, clothing, shelter, sanitation, medical care, and reasonable safety from bodily harm." *Tafoya*, 516 F.3d at 916.

In addition, Mr. Faircloth fails to allege facts that demonstrate Defendant Schwartz acted with deliberate indifference.  Deliberate indifference means that "a prison official may be held liable . . . only if [s]he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847.  That is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [s]he must also draw the inference." *Id.* at 837.  Mr. Faircloth fails to allege any facts that demonstrate Defendant Schwartz knowingly disregarded a substantial risk of serious harm.  Therefore, claim two is legally frivolous and must be dismissed.

Claim Three

Mr. Faircloth alleges in claim three that Defendant Schwartz violated his

6

Fourteenth Amendment rights to due process and equal protection by failing to comply with various DOC administrative regulations and procedures.  This claim lacks merit and will be dismissed as legally frivolous because "a failure to adhere to administrative regulations does not equate to a constitutional violation."  *Hovater v. Robinson*, 1 F.3d 1063, 1068 n.4 (10th Cir. 1993).

Claim Four

Mr. Faircloth alleges in claim four that Defendant Schwartz "acted with deliberate indifference/invidious discriminatory animus."  (ECF No. 57-1 at 3.)  He does not allege any facts in support of claim four that are different from his other claims against Defendant Schwartz.  Therefore, claim four will be dismissed as legally frivolous because the claim is repetitive of his other claims against Defendant Schwartz.

Claim Five

Mr. Faircloth alleges in claim five that Defendant Schwartz violated his constitutional right of access to the courts.  "[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."  *Bounds v. Smith*, 430 U.S. 817, 828 (1977).  However, a prisoner's access to the courts claim lacks merit in the absence of an actual injury in the prisoner's ability to pursue a nonfrivolous legal claim.  *See Lewis v. Casey*, 518 U.S. 343, 349-55 (1996); *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996) (per curiam).

Mr. Faircloth alleges in support of his access to the courts claim that Defendant Schwartz denied him access to legal materials on October 10, 2012, relevant to an

7

unspecified legal action; denied him access to a computer on November 16, 2012, that he contends he needed to use to prepare documents in the instant action; interfered with his efforts on November 28, 2012, to file a motion for extension of time and designation of record in two appeals in the Colorado Court of Appeals in advance of a November 29, 2012 deadline; and interfered with his efforts on November 30, 2012, to prepare a document explaining his inability to meet the November 29 deadline. However, he fails to identify any actual injury with respect to his court cases as a result of these actions.

In the January 17 order directing Mr. Faircloth to file a second amended complaint, Magistrate Judge Boland specifically advised Mr. Faircloth that he must identify an actual injury with respect to his efforts to litigate his court cases in order to state a cognizable access to the courts claim. Despite this advisement, Mr. Faircloth fails to allege that he suffered any injury with respect to his court cases. He does not allege that his state court appeals were dismissed as a result of the missed deadline and he has not suffered any actual injury in his ability to litigate the instant action. Although Mr. Faircloth alleges he was forced to file a motion for extension of time in the instant action, that fact does not demonstrate he suffered an actual injury. Therefore, claim five also will be dismissed as legally frivolous.

Claim Six

Mr. Faircloth next claims that Defendant John Davis, the warden at the Buena Vista Correctional Facility, subjected him to cruel and unusual punishment "by failing to correct the actions during his review of the incidents" when Mr. Faircloth was placed in solitary confinement on October 10 and November 30, 2012. (ECF No. 57-1 at 6.) This

8

claim lacks merit because, as discussed above in the context of the Eighth Amendment claim against Defendant Schwartz, Mr. Faircloth fails to allege facts that demonstrate he was deprived of the minimal civilized measure of life's necessities when he was placed in solitary confinement. *See Wilson*, 501 U.S. at 298. The claim also lacks merit because Mr. Faircloth fails to allege facts that demonstrate Defendant Davis knowingly disregarded a substantial risk of serious harm. *See Farmer*, 511 U.S. at 847. Therefore, claim six also will be dismissed as legally frivolous.

Claim Seven

Mr. Faircloth alleges in claim seven that Defendant Davis, "having direct knowledge of the plaintiff/petitioner being in solitary confinement, as well as, having it within his power to act in the best interest of justice but, refusing to intervene constitutes Mr. JOHN DAVIS acting in conflict of interest to his duties as Warden/Administrative Head." (ECF No. 57-1 at 6.) This claim lacks merit and will be dismissed as legally frivolous because the vague and conclusory allegation that Defendant Davis had a conflict of interest does not demonstrate the existence of a constitutional violation.

Claim Eight

Mr. Faircloth alleges in claim eight that Defendant Dave Cotten, a major at the Buena Vista Correctional Facility, violated his Eighth Amendment rights by failing to intervene when Mr. Faircloth was placed in solitary confinement on October 10 and November 30, 2012. This claim will be dismissed for the same reasons discussed above in connection with claim six, Mr. Faircloth's nearly identical Eighth Amendment claim against Defendant Davis.

Claim Nine

Mr. Faircloth alleges in claim nine that Defendant Cotten, "having direct knowledge of the plaintiff/petitioner being in solitary confinement, as well as, having it within his power to act in the best interest of justice but, refusing to intervene constitutes Mr. Dave Cotten acting in deliberate indifference."  (ECF No. 57-1 at 7.)  This claim lacks merit and will be dismissed as legally frivolous because the vague and conclusory allegation that Defendant Cotten acted with deliberate indifference does not demonstrate the existence of a constitutional violation.  To the extent claim nine could be construed as an Eighth Amendment claim, it is repetitive of claim eight and must be dismissed for the same reasons claim eight will be dismissed.

Claim Ten

Mr. Faircloth alleges in claim ten that Defendant R. Fisher, a captain at the Buena Vista Correctional Facility, violated his Eighth Amendment rights by failing to intervene when Mr. Faircloth was placed in solitary confinement on October 10, 2012. This claim will be dismissed for the same reasons discussed above in connection with claim six, Mr. Faircloth's nearly identical Eighth Amendment claim against Defendant Davis.

Claim Eleven

Mr. Faircloth alleges in claim eleven that Defendant Fisher, "having direct knowledge of the plaintiff/petitioner being in solitary confinement, as well as, having it within his power to act in the best interest of justice but, refusing to intervene constitutes Mr. R. Fisher acting in deliberate indifference."  (ECF No. 57-1 at 8.)  This claim lacks merit and will be dismissed as legally frivolous because the vague and conclusory allegation that Defendant Fisher acted with deliberate indifference does not

demonstrate the existence of a constitutional violation.  To the extent claim eleven could

be construed as an Eighth Amendment claim, it is repetitive of claim ten and must be

dismissed for the same reasons claim ten will be dismissed.

Claim Twelve

Mr. Faircloth alleges in claim twelve that Defendant A. Hysjulien, a lieutenant at

the Buena Vista Correctional Facility, subjected him to cruel and unusual punishment

and denied him due process by "refusing this petitioner's right to compulsory witnesses

and an investigation before utilizing [removal from population (RFP)] on October 10,

2012."  (ECF No. 57-1 at 9.)  According to Mr. Faircloth, Defendant Hysjulien and

another Defendant, Captain Anderson, conducted an investigation and declined to have

Mr. Faircloth removed from the general population following the law library incident on

November 16 and should have followed the same procedure on October 10.

To the extent Mr. Faircloth is asserting an Eighth Amendment claim against

Defendant Hysjulien, the claim lacks merit for the same reasons Mr. Faircloth's other

Eighth Amendment claims lack merit.  To reiterate, Mr. Faircloth fails to allege facts that

demonstrate he was deprived of the minimal civilized measure of life's necessities when

he was placed in solitary confinement.  *See Wilson*, 501 U.S. at 298.  He also fails to

allege facts that demonstrate Defendant Hysjulien knowingly disregarded a substantial

risk of serious harm.  *See Farmer*, 511 U.S. at 847.

The due process component of claim twelve also lacks merit.  The Constitution

guarantees due process when a person is to be deprived of life, liberty, or property.

*See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994).  Mr. Faircloth was not

deprived of life or property as a result of his placement in solitary confinement for

approximately two weeks in October 2012 prior to a disciplinary hearing.  Therefore, the due process claim depends upon the existence of a constitutionally protected liberty interest.

The existence of a constitutionally protected liberty interest depends upon the nature of the interest asserted.  *See Sandin v. Conner*, 515 U.S. 472, 480 (1995).  A prisoner is not entitled to any procedural protections in the absence of a grievous loss.  *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).  Generally, a liberty interest protected by due process may arise under the United States Constitution or state law.  *See Sandin*, 515 U.S. at 483-84.  State law may create a liberty interest if it imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin*, 515 U.S. at 484.  Relevant factors to be considered in determining whether certain conditions of confinement impose atypical and significant hardship in relation to the ordinary incidents of prison life include whether the segregation relates to and furthers a legitimate penological interest, whether the conditions are extreme, whether the conditions increases the duration of confinement, and whether the conditions are indeterminate.  *See DiMarco v. Wyo. Dep't of Corr.*, 473 F.3d 1334, 1342 (10th Cir. 2007).

Mr. Faircloth's approximately two-week placement in solitary confinement pending a disciplinary hearing in October 2012 did not implicate a liberty interest that arises under the Constitution because prisoners are not entitled to any particular degree of liberty.  *See Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Templeman*, 16 F.3d at 369.  In short, the Due Process Clause does not protect every change in the conditions of confinement that has a substantial adverse impact on the prisoner.  *See Meachum*,

12

427 U.S. at 224.

The Court also finds that Mr. Faircloth fails to demonstrate the existence of a constitutionally protected liberty interest that arises under state law because he fails to allege any facts that demonstrate his approximately two-week placement in solitary confinement in October 2012 pending a disciplinary hearing imposed atypical and significant hardship in relation to the ordinary incidents of prison life.  According to Mr. Faircloth, being placed in solitary confinement deprived him of "protected liberty interests to enjoy recreation, attend meals with other prisoners in a congregate setting engaging with others socially including his other 1st Amendment rights of religion participation, redress of grievance, etc."  (ECF No. 57-2 at 9.)  The Court is not persuaded that being subjected to these alleged deprivations while in segregation pending a disciplinary hearing for approximately two weeks resulted in atypical and significant hardship.  *See Rezaq v. Nalley*, 677 F.3d 1001, 1012 (10th Cir. 2012) (quoting *Hewitt v. Helms*, 459 U.S. 460, 468 (1983), *overruled on other grounds by Sandin*, 515 U.S. at 479-83, for the proposition "that nondisciplinary administrative segregation 'is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration.'").  Therefore, the Court finds that Mr. Faircloth was not deprived of a constitutionally protected liberty interest as a result of his placement in solitary confinement.  As a result, the due process component of claim twelve lacks merit and will be dismissed as legally frivolous.

Claim Thirteen

Mr. Faircloth alleges in claim thirteen that Defendant Hysjulien, "having direct knowledge of the petitioner being in solitary confinement, as well as, having it within his

13

power to act in the best interest of justice but, refusing to intervene constitutes Mr. A.

Hysjulien acting in deliberate indifference." (ECF No. 57-1 at 9.)  This claim lacks merit

and will be dismissed as legally frivolous because the vague and conclusory allegation

that Defendant Hysjulien acted with deliberate indifference does not demonstrate the

existence of a constitutional violation.  To the extent claim eleven could be construed as

an Eighth Amendment claim, it is repetitive of the Eighth Amendment component of

claim twelve and must be dismissed for the same reasons the Eighth Amendment

component of claim twelve will be dismissed.

Claim Fourteen

Mr. Faircloth alleges in claim fourteen that Defendant Anderson subjected him to

cruel and unusual punishment and denied him due process by failing to investigate the

disciplinary charges filed against Mr. Faircloth prior to his removal from the general

population and his placement in solitary confinement pending a disciplinary hearing.  Mr.

Faircloth does not specify whether claim fourteen relates to his removal from population

on October 10, his removal from population on November 30, or both.  Even assuming

the claim relates to both incidents, the Court finds that the claim lacks merit.

First, the Eighth Amendment component of the claim lacks merit for the same

reasons Mr. Faircloth's other Eighth Amendment claims lack merit.  The due process

component lacks merit for the same reasons discussed above in the context of claim

twelve, Mr. Faircloth's due process claim against Defendant Hysjulien.  Although claim

twelve addressed only the approximately two-week period of solitary confinement that

commenced on October 10, Mr. Faircloth makes no allegations regarding the second

period of solitary confinement that commenced on November 30 that would alter the

14

Court's conclusion that Mr. Faircloth was not deprived of a constitutionally protected liberty interest.  In particular, the court notes that the second period of pre-hearing solitary confinement that commenced on November 30 was slightly shorter because Mr. Faircloth alleges that a disciplinary hearing was held on December 11, 2012.  Although Mr. Faircloth maintains that he remained in segregation until January 7, 2013, the due process claim he asserts against Defendant Anderson based on his alleged failure to conduct an investigation prior to Mr. Faircloth being removed from the population does not implicate his confinement in segregation after he was found guilty at the disciplinary hearing.  Therefore, claim fourteen also is legally frivolous and must be dismissed.

Claim Fifteen

Mr. Faircloth alleges in claim fifteen that Defendant Anderson,

> having direct knowledge of the plaintiff/petitioner being placed in handcuff's [sic] and having to approve of defendants' Celia Schwartz, C/O Tancik and Lt. Shield's unmerited decision to RFP the petitioner to solitary confinement, as well as, having it within his power to act in the best interest of justice but, refusing to intervene constitutes Mr. Anderson Captain/Shift Leader acting in deliberate indifference.

(ECF No. 57-1 at 10.)  This claim lacks merit and will be dismissed as legally frivolous because the vague and conclusory allegation that Defendant Anderson acted with deliberate indifference does not demonstrate the existence of a constitutional violation. To the extent claim eleven could be construed as an Eighth Amendment claim, it is repetitive of the Eighth Amendment component of claim fourteen and must be dismissed for the same reasons the Eighth Amendment component of claim fourteen will be dismissed.

Claim Sixteen

Mr. Faircloth alleges in claim sixteen that Defendant Tancik, a correctional officer at the Buena Vista Minimum Center, subjected him to cruel and unusual punishment and denied him due process by failing to investigate the disciplinary charges filed against Mr. Faircloth prior to his removal from the general population and his placement in solitary confinement pending a disciplinary hearing.  Mr. Faircloth does not specify whether claim sixteen relates to his removal from population on October 10, his removal from population on November 30, or both.  Even assuming the claim relates to both incidents, the Court finds that the claim lacks merit for the same reasons discussed above in the context of claim fourteen, Mr. Faircloth's nearly identical claim against Defendant Anderson.

Claim Seventeen

Mr. Faircloth alleges in claim seventeen that Defendant Shields, a lieutenant at the Buena Vista Minimum Center, subjected him to cruel and unusual punishment and denied him due process by failing to investigate the disciplinary charges filed against Mr. Faircloth prior to his removal from the general population and his placement in solitary confinement pending a disciplinary hearing.  Mr. Faircloth does not specify whether claim seventeen relates to his removal from population on October 10, his removal from population on November 30, or both.  Even assuming the claim relates to both incidents, the Court finds that the claim lacks merit for the same reasons discussed above in the context of claim fourteen, Mr. Faircloth's nearly identical claim against Defendant Anderson.

Claim Eighteen

16

Mr. Faircloth alleges in claim eighteen that Defendant Shields,

> having direct knowledge of the plaintiff/petitioner being
> placed in handcuff's [sic] and having to approved [sic] of
> defendants' Celia Schwartz, C/O Tancik's meritless decision
> to RFP the petitioner to solitary confinement, as well as,
> having it within his power to act in the best interest of justice
> but, refusing to intervene constitutes Mr. Anderson [sic]
> Captain/Shift Leader acting in deliberate indifference.

(ECF No. 57-1 at 12.)  This claim lacks merit and will be dismissed as legally frivolous because the vague and conclusory allegation that Defendant Shields acted with deliberate indifference does not demonstrate the existence of a constitutional violation. To the extent claim eighteen could be construed as an Eighth Amendment claim, it is repetitive of the Eighth Amendment component of claim seventeen and must be dismissed for the same reasons the Eighth Amendment component of claim seventeen will be dismissed.

Claim Nineteen

Mr. Faircloth alleges in claim nineteen that Defendant Gerry Bland, the disciplinary hearing officer, denied him due process at his disciplinary hearing on December 11, 2012.  The Court will not address the merits of the alleged due process violations in claim nineteen at this time.

Claim Twenty

Mr. Faircloth alleges in claim twenty that Defendant Tom Clements, the former Executive Director of the DOC, violated a number of constitutional provisions by implementing Executive Directive #25-12.  According to Mr. Faircloth,

> on or about November 20th, 2012, this petitioner researched
> and found that a new A.R. Implementation of Executive
> Directive #25-12 was put out by TOM CLEMENTS Executive

> Director of C.D.O.C., that in turn caused a system wide abrogation of offender(s) rights which is quite apparent and now seems to give any correctional officer the ability to abrogate and abuse the probable cause standards of determination for RFP with and/or for anything less than imminent and substantial threats as per A.R. 150-01 IV(e)(3)(g) and A.R. 600-01 IV(m).

(ECF No. 57 at 11-12.)  Mr. Faircloth apparently contends that this new executive directive reduced the standard necessary to have an inmate removed from population and placed in segregation.  (*See* ECF No. 57-2 at 1-3.)

Claim twenty will be dismissed as legally frivolous because Mr. Faircloth fails to allege specific facts that demonstrate his constitutional rights have been violated in any way.  Merely making vague and conclusory allegations that his federal constitutional rights have been violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally the court construes such pleadings.  *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992).  "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations."  *Hall*, 935 F.2d at 1110.  To the extent Mr. Faircloth contends that Executive Directive #25-12 improperly was used to remove him from the general population and place him in solitary confinement in violation of his right to due process, the claim is legally frivolous for the same reasons discussed in the context of Mr. Faircloth's other due process claims that the Court has determined are legally frivolous.

Claim Twenty-One

Mr. Faircloth alleges in claim twenty-one that Defendant Murray, a sergeant at the Buena Vista Correctional Complex, subjected him to cruel and unusual punishment

18

and denied him due process by harassing him and subjecting him to inappropriate and sexually-abusive pat-down searches on two occasions in November 2012.  The Court will not address the merits of the alleged Eighth Amendment violation in claim twenty-one at this time.

Claim Twenty-Two

Mr. Faircloth asserts claim twenty-two against all of the Defendants and he alleges generally that his constitutional rights have been violated.  The Court finds that claim twenty-two is legally frivolous because the claim is repetitive of Mr. Faircloth's other claims in this action.

Claim Twenty-Three

Mr. Faircloth alleges in claim twenty-three that all of the Defendants have conspired to violate his rights under 42 U.S.C. § 1985.  The Court construes claim twenty-three as being asserted pursuant to § 1985(3).

"The essential elements of a § 1985(3) claim are: (1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom."  *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993).  Furthermore, § 1985(3) applies only to conspiracies motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus."  *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971).  To the extent a § 1985(3) claim can be based on a non-racially motivated private conspiracy,

> it is necessary to plead, *inter alia*:
>
> 1. that the conspiracy is motivated by a class-based invidiously discriminatory animus; and

> 2. that the conspiracy is aimed at interfering with rights that
> by definition are protected against private, as well as official,
> encroachment.

*Tilton*, 6 F.3d at 686.

Mr. Faircloth does not contend that the alleged conspiracy to deprive him of his

rights was racially motivated and he fails to identify any other class-based invidiously

discriminatory animus on which to base his § 1985(3) claim.  He also fails to allege any

specific facts to support the existence of the asserted conspiracy.  *See Benavidez v.*

*Gunnell*, 722 F.2d 615, 618 (10th Cir. 1983) (noting that conclusory allegations of a

conspiracy are not sufficient).  Therefore, the Court finds that claim twenty-three is

legally frivolous and must be dismissed.

## V.  CONCLUSION

For the reasons discussed in this order, the Court will dismiss as legally frivolous

all of Mr. Faircloth's claims in the revised second amended Prisoner Complaint with the

exception of claims one, nineteen, and twenty-one.  Furthermore, the Court will dismiss

as parties to this action all Defendants other than Defendants Celia Schwartz, Gerry

Bland, and Mrs. Murray.  Mr. Faircloth's three remaining claims against the three

remaining Defendants will be drawn to a district judge and to a magistrate judge as

provided in D.C.COLO.LCivR 8.2D because the Court has completed its review

pursuant to D.C.COLO.LCivR 8.2C.  Accordingly, it is

ORDERED that claims two through eighteen, twenty, twenty-two, and twenty-

three in the revised second amended Prisoner Complaint (ECF No. 57) are dismissed

as legally frivolous pursuant to 28 U.S.C. § 1915A(b)(1).  It is

FURTHER ORDERED that Defendants John Davis, David Cotten, R. Fisher, A. Hysjulien, Mr. Anderson, Mr. Tancik, Mr. Shields, and Tom Clements are dismissed as parties to this action.  It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this  25th  day of ____March_____, 2013.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

21