IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02764-REB-KLM

JAMES FAIRCLOTH,

    Plaintiff,

v.

CELIA SCHWARTZ, Legal Assistant for BVCF, in her official and individual capacities,
GERRY BLAND, Hearings Officer for BVMC/BVCF, in his official and individual capacities, and
MURRAY, Food Services Sargent (sic) BVMC/BVCF, in her official and individual capacities,

    Defendants.
_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Petition for Court Order to Compel Colorado Dept. of Corrections Legal Services Dept. and Crowley Correctional Facility to Not Impede Access to Colorado Court Rule Compliance Mandates** [Docket No. 66; Filed April 29, 2013] (the "Motion"). On August 15, 2013, Defendants timely filed a Response [#87] by Order of the Court [#84].

Plaintiff, who proceeds in this matter as a *pro se* litigant, is incarcerated at Crowley County Correctional Facility. By a memorandum dated April 15, 2013, Plaintiff was informed by the facility's Office of Legal Services:

> Pursuant to Administrative Regulation (AR) 750-01, the Legal Access Program has restricted your photocopy privileges. You have accumulated more than $500.00 of legal photocopy debt in the last three years.

> You are currently $518.50 in arrears for legal photocopy debt.
>
> The Legal Access Program will provide you with only **one** (1) copy of original pleadings filed with the court in the area of habeas corpus, post conviction and conditions of confinement. This will give you one Original to file with the Court and one copy for your records. Copies for other types of motions will not be provided, regardless of need, until your offender account is less than $500.00 for photocopy debt.

*Motion* [#66] at 3. Plaintiff brings the present Motion to obtain a Court Order directed at the Colorado Department of Corrections Legal Services Department to prevent its restriction of Plaintiff's photocopy privileges. *Id.* at 2.

Plaintiff is not entitled to free aid from Defendants. First, "[o]ther than habeas corpus or civil rights actions regarding current confinement, a state has no affirmative constitutional obligation to assist inmates in general civil matters." *Carper v. DeLand*, 54 F.3d 613, 616-17 (10th Cir. 1995). Plaintiff's present lawsuit does not involve either a habeas corpus proceeding or a civil rights action regarding current confinement. *See Am. Compl.* [#85].

Second, Plaintiff's request mirrors the incarcerated plaintiff's request in *Harrell v. Keohane*, 621 F.2d 1059, 1061 (10th Cir. 1980). In *Harrell*, the plaintiff argued that he was "entitled not only to unrestricted access to the courts but also to completely free access as well." *Id.* The plaintiff contended that "the denial of his request for free photocopying denied him access" to the court. *Id.* The Tenth Circuit Court of Appeals determined that "[r]easonable regulations are necessary to balance the legitimate interests of inmate litigants with budgetary considerations and to prevent abuse. A prisoner's right of access to the court does not include the right of free unlimited access to a photocopying machine . . . ." *Id.*

Third, an incarcerated plaintiff must also live within his budgetary constraints. *Shabazz v. Parsons*, 127 F.3d 1246, 1248-49 (10th Cir. 1997).

> Requiring prisoners to make economic decisions about filing lawsuits does not deny access to the courts; it merely places the indigent prisoner in a position similar to that faced by those whose basic costs of living are not paid by the state. Those living outside of prisons cannot file a lawsuit every time they suffer a real or imagined slight. Instead, they must weigh the importance of redress before resorting to the legal system. If a prisoner determines that his funds are better spent on other items rather than filing a civil rights suit, "he has demonstrated an implied evaluation of that suit" that the courts should be entitled to honor.

*Id.* (quoting *Roller v. Gunn*, 107 F.3d 227, 233 (4th Cir. 1997)).

Although there are extraordinary circumstances where fundamental due process concerns may demand that a plaintiff be provided with additional resources, *see Carper v. DeLand*, 54 F.3d at 616-17, this Plaintiff's particular circumstances do not. Plaintiff chose to bring this civil action voluntarily knowing the limitations he would face due to his financial means, lack of legal training, and incarcerated status. To the extent that Plaintiff feels that he cannot bear the responsibility at this time, he may voluntarily dismiss his case without prejudice pursuant to Fed. R. Civ. P. 41(a). However, while the case is pending, it remains Plaintiff's legal obligation to comply with the Federal Rules of Civil Procedure, the Local Rules in this District, and all orders of this Court. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#66] is **DENIED**.

Dated: August 26, 2013

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge