IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02764-REB-KLM

JAMES FAIRCLOTH,

    Plaintiff,

v.

CELIA SCHWARTZ, Legal Assistant for BVCF, in her official and individual capacities, and
GERRY BLAND, Hearings Officer for BVMC/BVCF, in his official and individual capacities,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Motion to Dismiss [Third] Amended Complaint (Doc. 79-1)** [Docket No. 89; Filed August 19, 2013] (the "Motion to Dismiss"); on Plaintiff's **Motion for Reconsideration of Magistrate's Judge Mix Order on August 26, 2013** [sic] [Docket No. 93; Filed September 3, 2013] (the "Motion to Reconsider"); on Plaintiff's **Petition for Extension of Time** [Docket No. 96; Filed September 6, 2013] (the "Motion for Extension"); on Plaintiff's **Petition for Leave to File Amended Complaint** [Docket No. 99; Filed September 11, 2013] (the "Motion to Amend"); and on Plaintiff's **Petition for Leave to Supplement the Previously Sent Amended Complaint Dated September 9, 2013** [Docket No. 100; Filed September 12, 2013] (the "Motion to Supplement").

The Court first considers Plaintiff's Motion to Reconsider [#93]. A motion for reconsideration "is an extreme remedy to be granted in rare circumstances." *Brumark*

*Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995). It is well established in the Tenth Circuit that grounds for a motion to reconsider are typically limited to the following: "(1) an intervening change in the controlling law; (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark*, 57 F.3d at 948). Therefore, a motion to reconsider is "appropriate [only] where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

Plaintiff, who proceeds in this matter as a *pro se* litigant, is incarcerated at Crowley County Correctional Facility. He asks the Court to revisit its previous ruling regarding photocopying privileges at this facility. *See Order* [#91]. He does not indicate that there has been an intervening change in the controlling law or that he has obtained new evidence previously unavailable; thus, the Court construes the request for reconsideration as an argument "to correct clear error or prevent manifest injustice." *See Servants of Paraclete*, 204 F.3d at 1012.

Plaintiff first argues that his case is a civil rights action regarding current confinement, and thus that he is allowed to have automatic access to the photocopies he needs for this lawsuit. *Motion to Reconsider* [#93] at 1; *see Carper v. DeLand*, 54 F.3d 613, 616-17 (10th Cir. 1995). However, while the events giving rise to Plaintiff's lawsuit may have occurred while Plaintiff was incarcerated, *see Am. Compl.* [#57], there is no indication that his claims involve conditions that impose an ongoing atypical and significant hardship on him, as contemplated by *Carper v. DeLand*. *See Fogle v. Pierson*, 435 F.3d 1252, 1259 (10th Cir. 2006). The Court therefore finds that Plaintiff's first basis for reconsideration is

without merit.

Plaintiff next argues that his original motion [#66] was misconstrued by the Court as seeking unlimited free copies. Although the Court discussed access to free photocopies in its analysis of Plaintiff's request, this was not the ultimate basis for its holding. *See Order* [#91]. As the Court noted, prisons may create reasonable regulations that "are necessary to balance the legitimate interests of inmate litigants with budgetary considerations and to prevent abuse." *Id.* (quoting *Harrell v. Keohane*, 621 F.2d 1059, 1061 (10th Cir. 1980)). The Court further noted that "an incarcerated plaintiff must also live within his budgetary constraints." *Order* [#91] (citing *Shabazz v. Parsons*, 127 F.3d 1246, 1248-29 (10th Cir. 1997)). None of the case law cited by Plaintiff stands for the proposition that an incarcerated litigant must be provided with unlimited photocopying opportunities in the circumstances presented by Plaintiff's current civil action. Accordingly, the Court **denies** Plaintiff's Motion to Reconsider [#93].

In the Motion to Extend [#96], Plaintiff seeks an extension of time in which to file a Response to Defendants' Motion to Dismiss [#89]. On September 11, 2013, Plaintiff timely filed his Response [#98]. Accordingly, the Motion to Extend is **denied as moot**.

In the Motion to Amend, Plaintiff seeks leave to file the amended complaint he provides to the Court. *See* [#99-1]. In the Motion to Supplement [#100], Plaintiff states that he filed the previous Motion to Amend [#99] because he did not know whether he had been granted a previous extension and because he wanted to be timely. He here seeks an extension of time in order to complete his proposed amended complaint and to submit it to the Court. Based on these averments,

IT IS HEREBY **ORDERED** that the Motion to Supplement [#100] is **granted**. Plaintiff shall file a motion to amend his complaint, with an attached proposed amended complaint, **on or before October 4, 2013**.

IT IS FURTHER **ORDERED** that the Motion to Amend [#99] is **DENIED as moot**.

IT IS FURTHER **ORDERED** that the Motion to Extend [#96] is **DENIED as moot**.

IT IS FURTHER **ORDERED** that the Motion to Reconsider [#93] is **DENIED**.

IT IS FURTHER **ORDERED**, *sua sponte*, that Defendants shall file a Reply to Plaintiff's Response [#99] to their Motion to Dismiss [#89] **on or before October 18, 2013**.

Dated: September 16, 2013

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge