IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02764-REB-KLM

JAMES FAIRCLOTH,

    Plaintiff,

v.

CELIA SCHWARTZ, Legal Assistant for BVCF, in her official and individual capacities, and
GERRY BLAND, Hearings Officer for BVMC/BVCF, in his official and individual capacities,

    Defendants.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendants' **Motion to Dismiss [Third] Amended Complaint (Doc. 79-1)** [Docket No. 89; Filed August 19, 2013] (the "Motion to Dismiss"), and on Plaintiff's **Petition for Leave to File Amended Complaint** [Docket No. 104; Filed September 19, 2013] (the "Motion to Amend"). A Scheduling Conference has not yet been held in this matter, and thus Plaintiff's request to amend his complaint is timely. The Court finds that, pursuant to Fed. R. Civ. P. 15(a)(2), Plaintiff should be given leave to amend his complaint. Accordingly,

    IT IS HEREBY **ORDERED** that Plaintiff's Motion to Amend [#104] is **GRANTED**. The Clerk of the Court shall accept Plaintiff's proposed Fourth Amended Complaint [#104-1, #104-2, #104-3] as of the date of this Minute Order.[1]

    IT IS FURTHER **ORDERED** that Defendants' Motion to Dismiss [#89] is **DENIED as moot**. *See, e.g.*, *Strich v. United States*, No. 09-cv-01913-REB-KLM, 2010 WL 14826, at *1 (D. Colo. Jan. 11, 2010) (citations omitted) ("The filing of an amended complaint moots a motion to dismiss directed at the complaint that is supplanted and superseded."); *AJB Props., Ltd. v. Zarda Bar-B-Q of Lenexa, LLC*, No. 09-2021-JWL, 2009 WL 1140185, at *1

---

[1] The Court notes that Plaintiff has now amended his complaint twice in response to Defendants' Motions to Dismiss [#71, #89]. Despite his *pro se* status, the Court will not be inclined to view with favor any additional motions for leave to amend filed in response to a motion to dismiss. Plaintiff has now had four opportunities to state his claims, and no further opportunities will be afforded absent extraordinary circumstances.

(D. Kan. April 28, 2009) (finding that amended complaint superseded original complaint and "accordingly, defendant's motion to dismiss the original complaint is denied as moot"); *Gotfredson v. Larsen LP*, 432 F.Supp.2d 1163, 1172 (D. Colo. 2006) (noting that defendants' motions to dismiss are "technically moot because they are directed at a pleading that is no longer operative").

Dated: September 20, 2013