IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02764-REB-KLM

JAMES FAIRCLOTH,

    Plaintiff,

v.

CELIA SCHWARTZ, Legal Assistant for BVCF, in her official and individual capacities, and
GERRY BLAND, Hearings Officer for BVMC/BVCF, in his official and individual capacities,

    Defendants.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Petition for Status of Case and Clarification as to Why Objections to Late Filing of Doc #115 by Defendants[ ] is Not Answered** [#125][1] (the "Motion"). Defendants have not yet filed a response.[2]

    In the Motion, Plaintiff states that on November 28, 2013 he mailed "an objection to the late filing of Doc #115 (out of time to file)" and that "the Court then, did not let [him] know it filed my motion/objection to doc #115." *Motion* [#125] at 1. He further states that he "has heard nothing from the Court or the [D]efendants, about the foregoing and/or his Response to his objection, nor his chance to reply to [the] motion to dismiss, if the Court requires it, etc." *Id.*

    As an initial matter, the Motion does not request relief the Court can grant. It appears to be a request for information regarding the status of the case. It is Plaintiff's responsibility to follow the filings in the case and understand the procedural posture of his case.

    Second, the Court has not received a motion or objection from Plaintiff regarding his

---

[1] "[#125]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Minute Order.

[2] The Court may rule on a pending motion at any time. D.C.COLO.LcivR 7.1(d).

allegation that Defendants' Motion to Dismiss Amended Complaint (Doc. 107) [#115] (the "Motion to Dismiss") was filed out of time. However, to the extent Plaintiff believes that the Motion to Dismiss [#115], was filed out of time, he is wrong. On November 13, 2013, Defendants were ordered to "file an answer or other response to Plaintiff's Fourth Amended Complaint [#107] **on or before November 20, 2013**." *Minute Order* [#113] at 1. (emphasis in original). Defendants filed the Motion to Dismiss on November 20, 2013. *See generally Motion to Dismiss* [#115]. Therefore, the Motion to Dismiss was timely filed.

Third, Plaintiff seems to have forgotten that on December 4, 2014, he filed Petitioner's Response to Defendant's Motion to Dismiss Petitioner's 4th Amended Complaint [Doc. #107] [#117] (the "Response"). Therefore, Plaintiff's claim that he "has heard nothing from the Court or the [D]efendants, about . . . his chance to reply to [the] motion to dismiss, if the Court requires it, etc," *Motion* [#125] at 1, is misplaced. Plaintiff clearly knew about his ability to file a response to the Motion to Dismiss and the associated deadline for doing so, because he filed the Response [#117] within the time allowed for filing a response under D.C.COLO.LCivR 7.1(d). Further, it is not the Court's role to inform a party about his filing deadlines. That information is laid out in the Local Rules and the Federal Rules of Civil Procedures and it is each party's responsibility to abide by those rules. *See, e.g.*, *Brown v. Kochanowski*, 513 F.App'x 715, 719 (10th Cir. March 14, 2013) ("We have long held that a pro se litigant must follow the same rules of procedure that govern other litigants.") (quotation and internal modifications omitted); *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992) (pro se litigants "must follow the same rules of procedure that govern other litigants."). Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#125] is **DENIED**.

Dated: April 30, 2014