IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02764-REB-KLM

JAMES FAIRCLOTH,

      Plaintiff,

v.

CELIA SCHWARTZ, Legal Assistant for BVCF, in her official and individual capacities,

      Defendant.

---

# ORDER

---

## ENTERED BY MAGISTRATE JUDGE KRISTEN  L. MIX

This matter is before the Court on **Defendant's Motion to Amend the Scheduling Order** [#159][1] (the "Motion").  In the Motion, Defendant requests that the Discovery Cut-Off and the Dispositive Motions Deadline each be extended by 60-days.  *Motion* [#159] at 3. The Motion does not inform the Court of Plaintiff's position regarding the requested relief and conferral was not required because Plaintiff is an unrepresented prisoner. D.C.COLO.LCivR 7.1(b)(1).  However, because of the impending deadlines in this case, the applicable law, and the explanation for the request offered in the Motion, the Court enters this Order pursuant to D.C.COLO.LCivR 7.1(d) ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed."), without further awaiting a response from Plaintiff.

---

[1]  "[#159]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF).  The Court uses this convention throughout this Order.

## I. Background

In the Motion, Defendant explains that she served her first set of discovery requests on Plaintiff on February 27, 2015. *Motion* [#159] at 1. She notes that she served a total of "15 requests for admissions, 20 interrogatories, and 20 requests for production of documents." *Id.* Plaintiff's deadline to respond to these discovery requests was March 30, 2015. *Id.* Pursuant to Fed. R. Civ. P. 37, Defendant sent a letter to Plaintiff on April 24, 2015, "requesting that he respond to the discovery request within seven (7) days of the letter to avoid a motion to compel." *Id.* Defendant further states in her Motion that "[a]s of the date of this filing, April 28, 2015, Plaintiff has still not responded to the Discovery Requests and has not filed any request seeking an extension of his deadline to respond to the Discovery Requests." *Id.* at 2. As Defendant is aware, on April 1, 2015, Plaintiff filed Petitioner's Extention [sic] of Time to Respond to Defendant's Interrogatories, Admissions, Production of Documents [#155]. When ruling on that motion, the Court extended the Discovery Cut-Off to April 30, 2015 and the Dispositive Motions Deadline to May 30, 2015, the current deadlines. *Minute Order* [#157] at 2. In that Minute Order the Court also noted that

> the title of the Motion indicates that Plaintiff also seeks extension of his deadline to respond to written discovery requests served on him by Defendant. Plaintiff's deadline to respond to written discovery requests is governed by the Federal Rules of Civil Procedure and is dependant on the date the request was served on him. See, e.g., Fed. R. Civ. P. 33(b)(2) (noting that answers and objections to interrogatories must be served on the requesting party "within 30 days after being served with the interrogatories"). Accordingly, to the extent Plaintiff wishes to seek extension of his deadline to respond to a written discovery request, he must file a motion specifying the deadline he seeks to extend and explaining his need for the extension.

*Id.* at 1. To date, Plaintiff has not filed a motion requesting extension of his deadline to

respond to Defendant's discovery requests.

In support of the Motion, Defendant argues that, while she has sent a conferral letter to Plaintiff pursuant to Fed. R. Civ. P. 37, she has not received a response and "[i]f in response to the undersigned counsel's April 24, 2015 conferral letter Plaintiff still does not respond to the Discovery Requests, Defendant will have no time left to complete discovery and may not even have discovery information before the current May 30 ,2015 dispositive motions deadline." *Motion* [#159] at 2.  Defendant also notes that she may file a motion to compel before the expiration of the current deadlines. *Id.*

## II.  Analysis

Pursuant to Fed. R. Civ. P. 16(b)(4), the Scheduling Order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  To demonstrate good cause pursuant to Fed. R. Civ. P. 16(b)(4), the moving party must "show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 1009) (citation omitted); Minter *v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006).  "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts . . . .  Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000) (internal quotation and citation omitted); *accord Summers v. Mo. Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997) (holding that "total inflexibility is undesirable" in the context of a motion to adopt a new scheduling order).  "While rigid adherence to the pretrial scheduling order is not advisable," *SIL-FIO v. SFHC, Inc.*, 917 F.2d 1507, 1519 (10th Cir. 1990), the deadlines set in scheduling orders require that parties conduct

3

discovery efficiently and promptly.  *See Granite Southlands Town Center LLC v. Alberta Town Center, LLC*, No. 09-cv-00799-ZLW-KLM, 2010 WL 2635524, at *2 (D. Colo. June 8, 2010) (noting that "deadlines to amend a party's pleading are set at the outset of the case to require [parties] to prioritize their discovery and attempt to obtain information that may be relevant to claim amendment sooner rather than later.").  Further, the "'good cause' requirement reflects the important role a scheduling order plays in the court's management of its docket." *Home Design Servs., Inc. v. Trumble*, No. 09-cv-00964-WYD-CBS, 2010 WL 1435382, at *6 (D. Colo. April 6, 2010) (citations omitted).

The Court finds that Defendant's explanation for her inability to meet the deadlines establishes good cause for the requested extensions of the Discovery Cut-Off and the Dispositive Motions Deadline.  As explained by Defendant, if she does not receive a response to her April 24, 2015 letter, she needs time to compel production of information from Plaintiff.  Further, if she does receive responses to the discovery requests from Plaintiff in response to her April 24, 2015 letter, she will need time to analyze that information in order to file a dispositive motion.  Plaintiff's failure to meet his deadline for responding to Defendant's discovery requests, therefore, provides good cause for amending the Scheduling Order deadlines.

### III.  Conclusion

For the reasons stated above,

IT IS HEREBY **ORDERED** that the Motion [#159] is **GRANTED**.

IT IS FURTHER **ORDERED** that the Discovery Cut-Off is extended to **June 30, 2015**

and the Dispositive Motions Deadline is extended to **July 30, 2015**.

Dated:  May 12, 2015

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge