**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-2764-REB-KLM

JAMES FAIRCLOTH,

    Plaintiff,

v.

CELIA SCHWARTZ,

    Defendant.

**ORDER RE: MOTION FOR ORDER REFERRING
CASE TO ALTERNATIVE DISPUTE RESOLUTION**

**Blackburn, J.**

The matter before me is plaintiff's **Motion for Order Referring Case to Alternative Dispute Resolution Pursuant to D.C.COLO.LCivR 16.6 and for Stay** [#182],[1] filed November 16, 2015. Although defendant opposes the motion, I exercise my prerogative under D.C.COLO.LCivR 7.1(d) and rule on the motion without awaiting the benefit of a response. I grant the motion insofar as it seeks court-ordered ADR, but deny the request to continue the stay of this already overly protracted litigation.

This case is but one of three related federal lawsuits which plaintiff has filed in this district. Also pending before various state courts are seven additional lawsuits involving the same or related state defendants. Counsel for plaintiff has entered a limited appearance to attempt to effectuate a global resolution of all these claims.

---

[1] "[#182]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

However, counsel represents that her attempts to negotiate a settlement of these matters has not proved fruitful.  She therefore requests that the court order defendant to participate in ADR before the magistrate judge.

Admittedly, it is unclear whether negotiations will be productive in this case, especially in light of defendant's opposition to this motion.  Nevertheless, after due consultation with the magistrate judge, and with her consent, the court concludes that plaintiff's request for court-facilitated ADR should be granted.  The parties heretofore have not engaged in any discussions of this nature, and thus it certainly cannot hurt to attempt to negotiate a resolution.

However, the court declines plaintiff's invitation to further continue the stay in this case.  This matter has been pending on the court's docket for more than three years.  The court intends forthwith to establish an imminent dispositive motion deadline and set this matter for trial.  It is time to move forward.  The court sees no reason why efforts to resolve this lawsuit should not be undertaken on both the ADR and litigation fronts.

**THEREFORE, IT IS ORDERED** as follows:

1. That plaintiff's **Motion for Order Referring Case to Alternative Dispute Resolution Pursuant to D.C.COLO.LCivR 16.6 and for Stay** [#182], filed November 16, 2015, is granted in part and denied in part, as follows:

   a. That the motion is granted insofar as it seeks referral of this case to the magistrate judge for alternative dispute resolution proceedings; and

   b. That the motion is denied insofar as it seeks a further stay of proceedings pending ADR; and

    2.  That this case is referred to United States Magistrate Judge Kristen L. Mix to conduct alternative dispute resolution proceedings as soon as is practicable given the demands of her own calendar and with due consideration of the date of the trial in this matter.

    Dated November 19, 2015, at Denver, Colorado.

                                   **BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge