**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-02764-REB-KLM

JAMES FAIRCLOTH,

    Plaintiff,

v.

CELIA SCHWARTZ, Legal Assistant for BVCF, in her official and individual capacities,

    Defendant.

## ORDER CONCERNING MOTION TO CONTINUE TRIAL

**Blackburn, J.**

This matter is before me on the **Defendant's Motion to Vacate March 14-16, 2016 Jury Trial, Final Pretrial/trial Preparation Conference, and Related Deadlines** [#199][1] filed February 4, 2016.  I grant the motion in part and deny it in part.

This case has been pending since October 2012, and is set for trial beginning March 14, 2016.  A combined Final Pretrial Conference and Trial Preparation Conference is set for February 26, 2016.

On January 25, 2016, the defendant filed a motion for summary judgment [#196]. The response of the plaintiff is due February 18, 2016.  The defendant contends there is no basis for the claims of the plaintiff and those claims can be resolved fully via the pending motion for summary judgment.  If so, the defendant asserts, expending time and money on trial preparation and trial would waste the resources of the defendant and

---

[1] "[#199]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

the court. The court expects that the motion for summary judgment will be resolved by March 1, 2016.

The United States Court of Appeals for the Tenth Circuit has outlined four primary factors that should be considered to determine if a continuance is necessary. **See, e.g., Morrison Knudsen Corp. v. Fireman's Fund Ins. Co.**,175 F.3d 1221, 1230 (10th Cir. 1999) (citing **U.S. v. West**, 828 F.2d 1468, 1469 (10th Cir. 1987) (listing factors)). The key relevant factors are

> (1) the diligence of the party requesting the continuance; (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; [and] (4) the need asserted for the continuance and the harm that [movant] might suffer as result of the district court's denial of the continuance.

**United States v. Rivera**, 900 F.2d 1462, 1475 (10th Cir. 1990) (quoting **United States v. West**, 828 F.2d 1468, 1470 (10th Cir. 1987)).

In this case, the defendant has been reasonably diligent. A continuance of the trial would accomplish the purpose of permitting the court to resolve the motion for summary judgment before trial. However, the less drastic measures outlined below will accomplish that purpose and will minimize the burden to engage in trial preparation befpre resolution of the motion for summary judgment. It is unclear if the plaintiff would be inconvenienced by a continuance. Any harm the defendant may suffer as the result of the denial of a continuance is largely mitigated by the adjustment of pre-trial deadlines, as outlined below, until the motion for summary judgment is resolved.

To minimize the demands of trial preparation until after the motion for summary judgment is resolved, the court will continue the pre-trial deadlines. I will extend the deadline for exchange of trial exhibits to March 4, 2016. I will extend the deadline to submit objections to proposed trial exhibits to March 10, 2016. I will extend the deadline to submit proposed jury instructions, proposed verdict forms, and a joint proposed pretrial order to March 10, 2016, at noon.  I will continue the combined Final Pretrial Conference and Trial Preparation Conference to March 11, 2016.

**THEREFORE, IT IS ORDERED** as followed:

1. That the **Defendant's Motion to Vacate March 14-16, 2016 Jury Trial, Final Pretrial/trial Preparation Conference, and Related Deadlines** [#199] filed February 4, 2016, is granted in part;

2. That the deadline for exchange of trial exhibits is extended to March 4, 2016;

3. That the deadline to submit objections to proposed trial exhibits is extended to March 10, 2016;

4. That the deadline to submit proposed jury instructions, proposed verdict forms, and a joint proposed pretrial order is extended to March 10, 2016, at 12:00 noon (MST);

5. That the combined Final Pretrial Conference and Trial Preparation Conference, currently set for February 26, 2016, at 11:30 a.m., is continued to March 11, 2016, at 1:00 p.m.;

6. That the **Trial Preparation Conference Order** [#183] entered November 19, 2015, is amended and supplemented accordingly; and

7. That otherwise, the **Defendant's Motion to Vacate March 14-16, 2016 Jury Trial, Final Pretrial/trial Preparation Conference, and Related Deadlines** [#199] filed February 4, 2016, is denied.

Dated February 10, 2016, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge