**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-02764-REB-KLM

JAMES FAIRCLOTH,

    Plaintiff,

v.

CELIA SCHWARTZ, Legal Assistant for BVCF, in her official and individual capacities,

    Defendants.

## ORDER DENYING MOTION TO COMPEL

**Blackburn, J.**

This matter is before me on the **Motion for order compelling disclosure from and imposing sanctions against the Defendants for their Failure to make Disclosures or to Cooperate in Discovery; Sanctions FRCP Rule 37** [#205][1] filed February 11, 2016. This motion was referred [#207] to the assigned magistrate judge. However, having gained the consent of the magistrate judge, I withdraw the reference [#207] of the motion and resolve the motion in this order.

The plaintiff is acting *pro se*. Therefore, I continue to construe his pleadings and other filings generously and with the leniency due to *pro se* litigants. **See Erickson v. Pardus**, 551 U.S. 89, 94 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Belmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972)). Nevertheless, it is not "the proper function of the district

---

[1] "[#205]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

court to assume the role of advocate for the pro se litigant." *Hall*, 935 F.2d at 1110.

The plaintiff, James Faircloth, asserts a claim of denial of access to the court and claims of retaliation. Mr. Faircloth is a prisoner in the Colorado Department of Corrections and the defendant, Celia Schwartz, was a prison librarian at the time of the events at issue. In his present motion, Mr. Faircloth claims Ms. Schwartz has not provided sufficient responses to discovery sought by Mr. Faircloth. In his motion, Mr. Faircloth claims repeatedly that Ms. Schwartz has failed to comply with various discovery rules, including Fed. R. Civ. P. 26 and 37. Much of the motion is generalized and conclusory. The motion does not provide specific facts to substantiate the claimed violations of the applicable rules.

Under D.C.COLO.LCivR 37.1, when a party seeks relief under Fed. R. Civ. P. 26 or 37 concerning an interrogatory, request, or discovery response, the moving party "shall set forth either in the text of the motion or in an exhibit to the motion the specific interrogatory, request or response to which the motion is directed." This rule requires the moving party to specify the particular discovery request to which an inadequate response allegedly has been given. Mr. Faircloth has failed to comply with this fundamental requirement.

Mr. Faircloth is somewhat specific on two issues. First, he complains that he has not received information about expert witnesses the defendant will use at trial. If the defendant does not plan to use one or more expert witnesses, she is not required to disclose anything about expert witnesses. Absent timely disclosure of expert witness information, the defendant may not use an expert witness at trial. That is the situation in this case; thus, no disclosure is required.

Second, Mr. Faircloth claims Ms. Schwartz has failed to provide video tape

evidence and the audio tapes of two Code of Penal Discipline (COPD) hearings. Mr. Faircloth does not specify what relevant events he claims were recorded on video tape. The court cannot address the merits of this contention without some detail about what Mr. Faircloth claims to be entitled. The tapes of COPD hearings concern hearings on COPD charges which carry the numbers 130353 and 130516. Number 130353 concerns an incident on October 10, 2012, involving Ms. Schwartz. Mr. Faircloth was found not guilty in that COPD hearing and he claims the not guilty finding proves that Ms. Schwartz was lying about the behavior of Mr. Faircloth on October 10, 2012. Mr. Faircloth was found guilty in number 130516.

In the course of resolving the motion for summary judgment of Ms. Schwartz, I have examined the written record of these two COPD proceedings. For the reasons stated on my order on the motion for summary judgment, the evidence in the record concerning the October 10, 2012, incident does not support either of the claims of Mr. Faircloth, even if one concludes that Ms. Schwartz described on that day bad behavior of Mr. Faircloth which did not actually occur. Having the audio tape of the hearing would not alter this conclusion. In his present motion, Mr. Faircloth cites no valid basis for requiring the defendant to produce a tape recording of the hearing in number 130516, particularly when the court and the parties have the written record of that hearing.

The motion of Mr. Faircloth is denied on both procedural and substantive grounds. Procedurally, Mr. Faircloth has not complied with the basic requirement of D.C.COLO.LCivR 37.1 that he specify the interrogatory, request, and response at issue in the motion. Absent such specificity, it is impossible to address the motion of Mr. Faircloth on the merits. Substantively, Mr. Faircloth makes repeated claims of rule

violations by the defendant, but he provides no specific facts to substantiate these claims. To the extent he addresses expert witnesses and video and audio tape evidence, Mr. Faircloth has not shown a violation of applicable discovery rules by Ms. Schwartz.

**THEREFORE, IT IS ORDERED** that the **Motion for order compelling disclosure from and imposing sanctions against the Defendants for their Failure to make Disclosures or to Cooperate in Discovery; Sanctions FRCP Rule 37** [#205] filed February 11, 2016, is denied.

Dated March 7, 2016, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge

4